Memorandum. Notwithstanding the several self-contradictions and the general unreliability of the testimony of the complaining witness, Spencer, there was substantial evidence to sustain the determination by the Authority, the sole arbiter of the issues of fact (Matter of Radigan v. O’Connell, 304 N. Y. 396, 399; Matter of Avon Bar & Grill v. O’Connell, 301 N. Y. 150, 153). Moreover, where the licensee’s agent is instrumental in creating the disorder, it is generally not necessary to establish a foreseeable pattern of conduct (Matter of Conservative Grouping Corp. v. Epstein, 10 N Y 2d 956; cf. People v. Hawk, 156 Misc. 870, affd. 268 N. Y. 678; contra: Matter of Patterson v. Rohan, 5 A D 2d 870).
Consequently, the order of the Appellate Division should be reversed, with costs in all courts, and the determination of the State Liquor Authority reinstated.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, etc.