■ In the Matter of SEGAN ENTERTAINMENT, INC., Petitioner, v STATE LIQUOR AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of respondent State Liquor Authority, dated November 28, 1975, as, after a hearing, found petitioner guilty of (1) suffering or permitting the licensed premises to become disorderly and (2) failing to co-operate with the authorities during the course of a police investigation, and imposed a penalty of a 15-day suspension on the first above-mentioned charge and a penalty of a 10-day suspension on the second above-mentioned charge, for a total suspension of 25 days, 15 days of which were deferred. Petition granted to the extent that the determination is modified, on the law, by annulling the finding of guilt as to the charge of suffering or permitting the licensed premises to become disorderly, and the penalty imposed thereon. As so modified, determination confirmed and

petition otherwise dismissed, without costs or disbursements, and matter remanded to the respondent to determine what portion, if any, of the suspension imposed upon the charge which has been sustained should be deferred. The record as a whole does not contain substantial evidence that the petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by suffering or permitting an altercation on the premises. The evidence shows that petitioner's bouncer dragged a sleeping patron out of the premises and assaulted him. There was no evidence to show that petitioner's manager was present during this assault, or that he knew or should have known that it would occur. Under these circumstances, the single isolated incident involving petitioner's employee cannot be said to support a finding that petitioner suffered or permitted the premises to become disorderly (see *Matter of Playboy Club of N. Y. v State Liq. Auth. of State of N. Y.*, 23 NY2d 544). However, there was substantial evidence to support the finding that petitioner's secretary-treasurer-manager had failed to co-operate with the subsequent police investigation of the altercation. We have considered petitioner's other arguments and find them to be without merit. Margett, Acting P. J., Rabin and Mollen, JJ., concur; Hawkins, J., concurs in the confirmation of that portion of the determination which sustained the charge of failure to co-operate, but otherwise dissents and votes to confirm the balance of the determination which is under review, with the following memorandum: I would confirm the determination by the State Liquor Authority finding that petitioner had suffered or permitted its premises to become disorderly and would not reduce the penalty imposed. The record contains ample testimony rendering inapplicable *Matter of Playboy Club of N. Y. v State Liq. Auth.* (23 NY2d 544). There the patron had been obstreperous and had initiated the fisticuffs; the employee of the club had acted in self-defense. Here petitioner's employee's conduct, when coupled with the sustained charge of appellant's "failing to cooperate with the authorities during the course of a police investigation of an altercation in the licensed premises on March 6, 1974, was of such improper nature as to warrant revocation, cancellation or suspension of its license in accordance with Rule 36, subd. 1-n of the Rules of the State Liquor Authority [9 NYCRR 53.1(n)]." This comes within the language of Judge Breitel's dissent in *Playboy Club (supra,* p 553) holding that no distinction be made between an assaulting employee left in charge of the premises and any other employee, for to do so "would encourage the manipulative use of subordinates (and a studied ignorance by supervisors) to accomplish whatever the licensee wished to condone or encourage within the whole range of prohibited activities in licensed premises". In *Matter of Club 95 v New York State Liq. Auth.* (23 NY2d 784, 785 [decided one month prior to *Playboy])* the Court of Appeals held: "Moreover, where the licensee's agent is instrumental in creating the disorder, it is generally not necessary to establish a foreseeable pattern of conduct *(Matter of Conservative Grouping Corp. v. Epstein,* 10 N Y 2d 956; cf. *People v. Hawk,* 156 Misc. 870, affd. 268 N. Y. 678; contra: *Matter of Patterson v. Rohan,* 5 A D 2d 870)." I further would hold that the penalties imposed were not excessive.