■ In the Matter of MAL RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the State Liquor Authority dated August 14, 1979, revoking petitioner's restaurant liquor license, forfeiting its $1,000 bond, and placing a two-year proscription against the licensing of the premises, modified, on the law, without costs and without disbursements, to vacate the findings of the authority as to the second and third counts, to confirm as to the first count, and remand for assessment of a reduced penalty in accordance with this opinion. Petitioner was issued a restaurant liquor license on November 22, 1977. On February 26, 1979, the authority issued a notice of pleadings and hearing to petitioner, alleging: Count No. 1—That the licensee suffered or permitted females to appear and to expose to view their bare breasts from a stage within six feet of the nearest patron, all cause for revocation, cancellation or suspension of its license in accordance with rule 36 (subd 1, par [s]) of the rules of the authority (9 NYCRR 53.1 [s]); Count No. 2—That the licensee violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by suffering or permitting the licensed premises to become disorderly in that it suffered or permitted females on the licensed premises to induce male patrons therein to purchase alcoholic beverages; and Count No. 3—That the licensee violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by suffering or permitting the licensed premises to become disorderly in that it suffered or permitted the licensed premises to be operated as what is commonly known as a "clip joint". These all were alleged to have occurred on the same date, October 2, 1978. The charges were filed after a one-time, one-hour inspection of petitioner's premises by two authority investigators, and were sustained at a statutory hearing and confirmed by the authority. In this CPLR article 78 proceeding, the determination of the authority must be confirmed if it was, "on the entire record, supported by substantial evidence." (CPLR 7803, subd 4.) As to the first count, there is substantial evidence to support the authority's determination. One of the investigators testified that, when they entered, two female dancers were performing as charged on the platform in the middle of the premises, and they were seated "up against" the platform, which was not wider than six feet. Although they were not specific as to the platform's dimensions, it is clear from the testimony that the dancers were less than six feet from the patrons, in violation of the authority's rule. However, as to the second and third counts, the respondent failed to establish that the premises were "disorderly" (Alcoholic Beverage Control Law, § 106, subd 6). The investigators testified that after they were seated near the platform, one of the dancers approached them and asked if they would buy her a drink, which they did. While the investigators' drinks were alcoholic, there

was testimony that the dancer's drink was nonalcoholic. While the investigators' drinks cost $2.50, they were charged $8.50 for the dancer's drink, although at that time of day (1:00 P.M.), petitioner's menu listed the price for a dancer's drink to be either $4.50 or $4.75. While the second count referred to an alcoholic drink, the evidence clearly shows that the dancer's drink was not alcoholic. Further, under the statute in question, conduct is not "suffered or permitted" to become disorderly unless " ' "the licensee or his manager knew or should have known' " of the asserted disorderly condition on the premises and tolerated its existence" (Matter of Playboy Club of N. Y. v State Liq. Auth., 23 NY2d 544, 550). On the entire record, a finding of such conduct on the part of the licensee is not supported by substantial evidence. Additionally, the charges against petitioner were preferred after only one visit to the premises, and it is well settled that a finding that the management "suffered or permitted" the premises to become disorderly, cannot be supported by a showing of a single, isolated occurrence. (See Matter of Playboy Club of N. Y. v State Liq. Auth., supra; Matter of Migliaccio v O'Connell, 307 NY 566, 569). Accordingly, the first count is confirmed, the second and third counts are vacated, and the proceeding is remanded for reassessment of a reduced penalty. Concur—Kupferman, J. P., Sandler, Sullivan, Silverman and Carro, JJ.