■ In the Matter of LA VIGNA RESTAURANT CORPORATION, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 24, 1980 and made after a hearing, which found that petitioner had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law, suspended petitioner's restaurant liquor license for 20 days, of which 10 days were deferred, and imposed a bond claim in the amount of $1,000. Petition granted, determination annulled, on the law, without costs or disbursements, and charges dismissed. Respondent's determination that petitioner (the licensee) suffered or permitted the subject premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law is not supported by substantial evidence in the record considered as a whole (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Stork Rest. v Boland,* 282 NY 256). The evidence shows that a patron of the restaurant, one Donald Messinger, and one of petitioner's waiters commenced an altercation

when the former, claiming that the quality of service rendered to him had been poor, refused to leave a gratuity for the latter. There is no evidence that the principal was present at the outset of the disturbance or that he knew or should have known that it would occur (see *Matter of Segan Entertainment v State Liq. Auth.*, 56 AD2d 602). Moreover, when he became aware of the incident he promptly directed that the police be called. It was conceded at oral argument that petitioner had previously had an unblemished record and enjoyed an excellent reputation. A finding that a licensee suffered or permitted premises to become disorderly cannot be supported by the showing of a single, isolated occurrence (*Matter of Mal Rest. v New York State Liq. Auth.*, 74 AD2d 750). While it is true that "where the licensee's agent is instrumental in creating the disorder, it is generally not necessary to establish a foreseeable pattern of conduct" (*Matter of Club 95 v New York State Liq. Auth.*, 23 NY2d 784, 785), there is no basis in law for holding the licensee liable for a single, isolated act by an employee, which act manifestly occurred spontaneously (*Matter of Playboy Club of N.Y. v State Liq. Auth.*, 23 NY2d 544). Moreover, the waiter involved in this altercation was an ordinary employee of the petitioner and was clearly not an agent left in charge of the premises (see *Matter of L.B.R. Enterprises v New York State Liq. Auth.*, 67 AD2d 922, mot for lv to app den 47 NY2d 708). Under these circumstances, the single, isolated incident cannot be said to support the finding that the licensee suffered or permitted the licensed premises to become disorderly. Accordingly, the determination must be annulled. Damiani, J.P., Titone, Mangano and Gibbons, JJ., concur.