■ In the Matter of BRYAN & ROSE, INC., Doing Business as MY FATHER'S PLACE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 22, 1981 and made after a hearing, that petitioner had suffered or permitted its licensed premises to become disorderly on January 1, 1980, and suspended petitioner's license for 15 days, 7 days to be served forthwith and 8 days deferred. Petition granted, determination annulled, on the law, without costs or disbursements, and charge dismissed. On or about May 23, 1980 respondent charged petitioner with a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, to wit, that petitioner had "suffered or permitted the licensed premises to become disorderly * * * [by] suffer[ing] or permit[ting] an altercation to occur on January 1, 1980." The charge was sustained following a hearing. We agree with petitioner that the determination is not supported by substantial evidence. The hearing officer found that on January 1, 1980, at approximately 3:00 A.M., a patron was struck by the licensee's employees, one of whom was the bartender, and that the patron struck no one. No other employee was identified. As this court stated in *Matter of L.B.R. Enterprises v New York State Liq. Auth.* (67 AD2d 922, 923, mot for lv to app den 47 NY2d 708), "[although] it is true that, 'where the licensee's *agent* is instrumental in *creating* the disorder, it is generally not necessary to establish a foreseeable pattern of conduct' *(Matter of Club 95 v New York State Liq. Auth.,* 23 NY2d 784, 785 [emphasis supplied] * * * 'there [is] [nonetheless] no basis in law for holding the [licensee] responsible for * * * a single isolated act by its *employee,* an act which manifestly occurred on the spur of the moment * * * *(Matter of Playboy Club of N.Y. v State Liq. Auth.,* 23 NY2d 544, 550 [emphasis supplied]'." There is no finding in the present case that the bartender and the other employee who was found to have struck the patron were anything but ordinary employees; hence, neither was an agent of the licensee, i.e., an employee left in charge of the premises. Nor is there any showing of a similar occurrence by these or any other employees or that the manager was even aware of the employees' conduct "until it was too late" (see *Matter of Playboy Club of N.Y. v State Liq. Auth.,* 23 NY2d 544, 550). Thus, there was no evidence to support a conclusion that petitioner "suffered or permitted" the licensed premises to become disorderly. Gulotta, J.P., Margett, Weinstein and Thompson, JJ., concur.