OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 Where an employee is found to have been vested with managerial authority over the operation of premises licensed to serve liquor and the conduct of the licensed activity thereon on other than a casual or temporary basis, his conduct may be imputed to the licensee in establishing a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law despite the lack of a pattern of conduct or any actual knowledge by the licensee of the bartender’s conduct
 
 (Matter of Falso v State Liq. Auth.,
 
 43 NY2d 721). Here the licensee testified that the bartender left in charge was responsible for, among other things, dealing with any disorder which might come up on the premises and making sure that the premises were operating in orderly fashion. Based on this testimony, there was substantial evidence to support the hearing officer’s determination that the bartender had been delegated sufficient managerial authority to hold the licensee responsible for his conduct. Moreover, the licensee admitted that he had been aware of problems with prostitutes coming on the premises, and he had been sent numerous warning letters by the authority with regard to subdivision 6 of section 106 violations. This evidence provides further support for the hearing officer’s ruling that the licensee should, with due
 
 *648
 
 diligence and proper supervision, have known of the events that took place on the premises which gave rise to the violation.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment affirmed, with costs, in a memorandum.