■ Matter of BARNABY RUDGE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination, dated October 27, 1982 and made after a hearing, *inter alia,* that petitioner had suffered or permitted its licensed premises to become disorderly on August 6, 1979, and suspended petitioner's license for 15 days, deferred. Petition granted, determination annulled, on the law, with costs, and charges dismissed. On or about October 25, 1979, respondent charged petitioner with a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, to wit, that petitioner had "suffered or permitted the licensed premises to become disorderly on August 6, 1979 * * * [by] suffer[ing] or permit[ting] an altercation to occur wherein a patron was assaulted by another patron". The charge was sustained following a hearing. We agree with petitioner that the determination is not supported by substantial evidence. The members of the New York State Liquor Authority, based on the evidence taken at the hearing, found that on August 6, 1979 at about 12:30 to 1:30 A.M. two patrons engaged in an altercation with another patron who sustained lacerations to his ear and arm. The members further found that the licensee allowed the injured patron to be struck while a bouncer restrained him. The assaulting patron was unrestrained. As this court stated in *Matter of Bryan & Rose v New York State Liq. Auth.* (84 AD2d 579, affd 57 NY2d 613) " 'it is true that, "where the licensee's *agent* is instrumental in *creating* the disorder, it is generally not necessary to establish a foreseeable pattern of conduct" (*Matter of Club 95 v New York State Liq. Auth.,* 23 NY2d 784, 785 [emphasis supplied]')". Under the circumstances of this case, " ' "there [is] [nonetheless] no basis in law for holding the [licensee] responsible for * * * a single isolated act by its *employee,* an act which manifestly occurred on the spur of the moment * * * (*Matter of Playboy Club of N. Y. v State Liq. Auth.,* 23 NY2d 544, 550 [emphasis supplied])" ' " (*Matter of Bryan & Rose v New York State Liq. Auth.,* 84 AD2d 579, *supra*). There is no finding in the present case that the bouncer who restrained the injured patron was anything but an

ordinary employee; hence he was not an agent of the licensee, i.e., an employee left in charge of the premises. Nor is there any showing of a similar occurrence by this or any other employees, or that the principal of the licensee was even aware of the employee's conduct "until it was too late" (see *Matter of Playboy Club v State Liq. Auth.,* 23 NY2d 544, 550). Thus, there was no evidence to support a conclusion that petitioner "suffered or permitted" the licensed premises to become disorderly. Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.