■ In the Matter of PEPPER & SALT TAVERN, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Liquor Authority, dated July 25, 1983, which, after a hearing, found petitioner guilty of violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law "in that it suffered or permitted the licensed premises to become disorderly" and imposed a penalty. Determination confirmed and proceeding dismissed on the merits, with costs. After a hearing held in 1982 it was determined that petitioner's manager, who was fully in charge of the premises, permitted the premises to become disorderly on May 28, 1979. On that date, the manager was having an argument with a patron concerning the amount of a bar bill. Without provocation, the manager beat the patron with a metal pipe and kicked him. While this was happening, the patron was shot in the leg by an unknown perpetrator. The patron also suffered broken ribs. After this finding, the respondent State Liquor Authority revoked petitioner's liquor license and imposed a $1,000 bond claim. After reviewing the record, we find that the determination was supported by substantial evidence and must not be disturbed. Moreover, the penalty imposed was not so disproportionate to the offense, in light of the circumstances, as to be shocking to one's sense of fairness (*Matter of Butterly & Green v Lomenzo*, 36 NY2d 250; *Matter of Pell v Board of Educ.*, 34 NY2d 222). Petitioner claims that it could not be found to have violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law based on a single incident. This claim is without merit. Petitioner's manager was in full charge of the premises. His actions could thus be imputed to the licensee. Since the manager was instrumental in creating the disorder, a single incident is a sufficient basis to revoke a license (*Awrich Rest. v New York State Liq. Auth.*, 60 NY2d 645; *Matter of Club 95 v New York State Liq. Auth.*, 23 NY2d 784; *Matter of Cuti v Roth*, 50 AD2d 1044; *Matter of Abrams v Bruckman*, 263 App Div 593). Petitioner also argues that respondent was precluded from instituting proceedings in 1982 for the 1979 incident because section 118 of the Alcoholic Beverage Control Law prohibits respondent from considering incidents which occurred prior to the license period immediately preceding the last renewal of the license. In the case at bar, however, petitioner's license has been renewed by stipulations since the incident occurred in 1979. The stipulations waive the time limitations imposed by the statute. Stipulations extending respondent's time to institute proceedings beyond the statutory limitations are proper. Upon this ground, therefore, the petitioner, who agreed to these stipulations, cannot now seek review of the subsequent revocation order on the basis that respondent lacked jurisdiction (*Matter of Farina v State Liq. Auth.*, 20 NY2d 484; *Matter of Benjamin v State Liq. Auth.*, 13 NY2d 227). Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.