◼ In the Matter of P.M. ENTERTAINMENT INDUSTRIES, INC., Petitioner, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent State Liquor Authority, dated February 22, 1984, which, after a hearing, found petitioner guilty of violating Alcoholic Beverage Control Law § 106 (6) in that it "suffered or permitted the licensed premises to become disorderly" and imposed a penalty.

Determination confirmed and proceeding dismissed on the merits, with costs.

After a hearing, a State Liquor Authority hearing officer determined that petitioner permitted its licensed premises to become disorderly (Alcoholic Beverage Control Law § 106 [6]) when a fight between two employees and a patron resulted in serious injury to the patron. We agree and confirm that determination.

Michael Connor, the patron, testified that on the night in question, whenever there was an empty beer bottle on the bar in the crowded premises, the bartender, Michael Savich, would throw it from behind the bar a distance of 10 or 12 feet into a garbage can in the corner. On one such toss, the bottle missed the can, broke on the floor and pieces of glass hit Connor and his companion, Donna Deml. Upon Connor's complaint to Savich, Savich told him to "take a walk". When Connor demanded that Savich apologize to Ms. Deml, Savich shouted an obscenity. Connor again demanded an apology. However, Savich repeated the obscenity and ordered Connor to leave the premises. As Connor was leaving, Savich shouted a challenge to Connor to "step outside". Connor did not accept the challenge, but did return an obscenity to Savich as he was

proceeding to the door. Savich became enraged, jumped over the bar and assaulted Connor. Connor, while attempting to defend himself, was then grabbed in a headlock from behind by the "floorman", Steven Schoenfeld. As Ms. Deml was shouting for help, Schoenfeld dragged Connor to the door, repeatedly punching him in the forehead and nose while he remained in the headlock. Schoenfeld then threw Connor to the ground outside the premises. As a result of the beating inflicted by Schoenfeld, Connor underwent surgery for a broken nose.

Steve De Luca, the night manager in charge of the premises, was present throughout the evening, although apparently during the period that the fight was in progress he was in a back room.

It is contended here that, under the above circumstances, a licensee cannot be held in violation of Alcoholic Beverage Control Law § 106. Petitioner relies upon the rule set forth in *Matter of Playboy Club v State Liq. Auth.* (23 NY2d 544). However, that rule is applicable only in the context of a single, spontaneous and short-lived altercation involving a mere employee. Under such circumstances, there is no basis upon which to predicate a finding of permitting disorderly premises by the corporate licensee or its manager. Thus, in *Matter of Playboy Club v State Liq. Auth. (supra,* at p 550; emphasis supplied) the court, finding no basis for liability, stated: "In view of the complete absence of evidence that any person in authority in the club actually 'suffered or permitted' the incident to take place, *or could possibly have anticipated it,* there was no basis in fact or law for a finding or conclusion that section 106 had been violated". Accordingly, although the evidence may indicate that the manager of the licensee was not present at the moment when employees assaulted a patron, but indicates, nevertheless, that he "knew or should have known that it would occur", the rule is not applicable *(Matter of La Vigna Rest. Corp. v New York State Liq. Auth.,* 83 AD2d 867; *Matter of Segan Entertainment v State Liq. Auth.,* 56 AD2d 602).

Here the conduct of the bartender which gave rise to the assault upon Michael Connor was not a discrete, isolated incident, but was ongoing for a period of three hours. The night manager's presence during this period was not contested. Under such circumstances, it cannot be said that the bartender's conduct which precipitated the further assault by the "floorman" was sudden or spontaneous. His conduct was prolonged, continuing and of such character that the night

manager, Steve De Luca, knew or should have known that a slip of the hand could lead to broken glass and the consequences of angry or injured patrons. Where potentially provocative and harmful conduct was permitted to continue over a period of three hours, the licensee cannot maintain that its manager did not know of the disturbance until it was "too late" or that he "could [not] possibly have anticipated it" *(Matter of Playboy Club v State Liq. Auth., supra,* at p 550).

Even had the volatile bottle-throwing incident been singular, nevertheless, in view of the obligation of a bar manager to assiduously attend to his duties, and in the face of the shouting activity accompanying the event and the multiple parties involved, as well as the punishment inflicted upon the patron, we would vote to confirm respondent's determination that the licensee suffered or permitted the licensed premises to become disorderly. The determination was supported by substantial evidence, and the penalty imposed was not unduly harsh *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Lazer, J. P., Gibbons and Bracken, JJ., concur.

Kunzeman, J., dissents and votes to annul the determination, with the following memorandum, in which Thompson, J., concurs: This case involves an alleged violation of Alcoholic Beverage Control Law § 106 (6) in that petitioner "suffered or permitted the licensed premises to become disorderly". During the evening in question, petitioner's bartender, Michael Savich, had occasionally thrown empty bottles into a garbage can several feet away. One of these bottles missed the can and broke, sending glass fragments onto the legs of two patrons, Connor and Deml. An argument ensued between Savich and Connor, and they each threw a punch at the other, but both missed their marks. A second employee, a bouncer or floorman named Steven Schoenfeld, then grabbed Connor and punched him repeatedly while ejecting him from the premises. Connor suffered a broken nose from the incident.

At the time of the incident, the night manager, Steve De Luca, was on duty at the premises, and Savich and Schoenfeld were mere employees. The incident lasted for only a short period of time and there was no substantial evidence in the record of prior similar incidents. Additionally, Schoenfeld had been employed for only two weeks prior to the incident, and continued to be employed for only two weeks after the incident.

While courts have held that a single incident is enough to sustain a violation of section 106 (6) where the licensee's

agent, manager or employee in charge is instrumental in creating the disorder *(Awrich Rest. v New York State Liq. Auth.,* 60 NY2d 645; *Matter of Pepper & Salt Tavern v State Liq. Auth.,* 99 AD2d 840), where a mere employee creates the disorder, and there is no substantial evidence that the licensee, his agent, manager, or employee in charge participated in, sanctioned, or even was aware of the employee's conduct, a single incident is not enough to sustain a charge under section 106 (6) *(Matter of Playboy Club v State Liq. Auth.,* 23 NY2d 544; *Matter of Collins v State Liq. Auth.,* 48 AD2d 848).

The majority contends that the night manager knew or should have known that the conduct of the bartender would lead to a disorderly condition. I disagree. The bartender's conduct of occasionally throwing an empty bottle into a garbage can several feet away would not lead a reasonable person to believe that a fight would result if one bottle missed its mark. The fight was too attenuated a result to be deemed a reasonably foreseeable consequence of the bottle throwing; hence this conduct would not have put the night manager on notice that an altercation would result.

In any event, liability under section 106 (6) is predicated on actual or constructive knowledge of an actual disorderly condition, rather than actual or constructive knowledge of a situation which could foreseeably lead to a disorderly condition. As stated in *Matter of Playboy Club v State Liq. Auth.* (23 NY2d 544, 550, *supra,* quoting from *Matter of Missouri Realty Corp. v New York State Liq. Auth.,* 22 NY2d 233, 237), "conduct is not 'suffered or permitted' unless ' "the licensee or his manager knew or should have known" ' *of the asserted disorderly condition on the premises* and tolerated its existence" (emphasis supplied).

In the instant case, the incident was isolated, of short duration, and involved nonmanagerial employees. On the record there is no substantial evidence to indicate that there were prior similar incidents, or that the night manager was aware of the incident until it was too late. The determination of the State Liquor Authority should be annulled.