■ STONEHEDGE PUB, INC., Petitioner, v STATE LIQUOR AUTHORITY, INC., et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated November 16, 1984, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 106 (6) because it permitted the licensed premises to become disorderly and imposed a penalty of (1) a license suspension of 30 days and (2) a bond forfeiture of $1,000.

Determination confirmed and proceeding dismissed on the merits, with costs to the respondent New York State Liquor Authority.

The New York State Liquor Authority's determination is supported by substantial evidence. It was clearly established that Robert Romer was an employee and was vested with managerial authority over the premises. Therefore his conduct is imputed to the licensee in establishing a violation of Alcoholic Beverage Control Law § 106 (6) (see, Awrich Rest. v New York State Liq. Auth., 60 NY2d 645).

Further, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.