■ In the Matter of P.B.L. ENTERTAINMENT, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated December 10, 1987, which, after a hearing, inter alia, suspended the on-premises liquor license of the petitioner P.B.L. Entertainment,

Inc. for a period of 20 days, and ordered that its $1,000 bond be forfeited.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner is the owner of an Island Park nightclub known as "Speaks"; it was charged, *inter alia,* with violating Alcoholic Beverage Control Law § 106 (6) "by suffering or permitting an assault to occur on the licensed premises". During the early morning hours of December 8, 1984, while the manager was elsewhere on the premises, one of the club's bouncers, Joseph Montouri, assaulted a patron, both inside of the premises and also outside in the parking lot.

It has been consistently held that "to sustain a violation of section 106 it must be demonstrated that the licensee had knowledge or the opportunity through reasonable diligence to acquire knowledge of the alleged acts" *(Matter of Leake v Sarafan,* 35 NY2d 83, 86; *Matter of Richjen Rest. v State Liq. Auth.,* 51 NY2d 847; *Awrich Rest. v New York State Liq. Auth.,* 92 AD2d 925, *affd* 60 NY2d 645). It is true that there is no conclusive evidence in this record that the club's manager had actual knowledge of the disorder at the time it was occurring. With respect to constructive knowledge, it has been held that a single isolated act on the part of an employee will not ordinarily support a finding that the licensee suffered or permitted the premises to become disorderly *(Matter of Leake v Sarafan, supra,* at 86; *Matter of La Vigna Rest. Corp. v New York State Liq. Auth.,* 83 AD2d 867). However, "where the employee is an agent of the licensee, and that employee 'is instrumental in creating the disorder, it is generally not necessary to establish a foreseeable pattern of conduct' and a single incident will [be sufficient] * * * [to hold] the licensee responsible" *(Awrich Rest. v New York State Liq. Auth., supra,* at 926, quoting from *Matter of Club 95 v New York State Liq. Auth.,* 23 NY2d 784, 785; *see, Matter of Falso v New York State Liq. Auth.,* 43 NY2d 721).

At the hearing there was evidence that Montouri was acting with the apparent authority of a "head bouncer" on the morning in question. He was operating under a set procedure established by the management to make sure that the premises were operated in an orderly fashion. In view of this testimony, we conclude that there was substantial evidence to support a finding that Montouri was exercising managerial authority when the altercation occurred. Accordingly, the

licensee may be penalized for even a single instance of disorder committed or tolerated by it *(Matter of Falso v New York State Liq. Auth., supra)*.

The petitioner also contends that the penalty, i.e., 20-day suspension of its liquor license and a $1,000 bond forfeiture, for a single incident of disorder, is so disproportionate to the offense as to shock one's sense of fairness. We disagree. The State Liquor Authority is entitled to consider, in imposing a penalty after charges are sustained, "the previous record and history of the licensee and the licensed premises" *(Matter of Johnston v Rohan,* 2 AD2d 932; *Awrich Rest. v New York State Liq. Auth., supra)*. At bar, the record indicates that numerous letters of warning dating back to June 1978 were issued by the respondent authority regarding violations of the Alcoholic Beverage Control Law, including section 106 (6). Under these circumstances, the penalty imposed should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.