■ In the Matter of BARS R US, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [597 NYS2d 245] — Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent which suspended petitioner's liquor license.

It was clearly established that Robert Mueller was petitioner's employee and that he was vested with managerial authority over the bouncers on petitioner's premises. His conduct could therefore be imputed to petitioner in determining whether there was a violation of Alcoholic Beverage Control Law § 106 (6) *(see, Stonehedge Pub v State Liq. Auth.,* 118 AD2d 559). At issue is whether he "suffered or permitted" the incident in question to take place within the meaning of that statute. There was testimony that Mueller was present during the entire incident and that he had been present at similar occurrences in the past. Based on the record before us it

cannot be said that Mueller "did not know of the disturbance until it was 'too late' or that he 'could [not] possibly have anticipated it' " *(Matter of P.M. Entertainment Indus. v State Liq. Auth.,* 114 AD2d 457, 459, *affd* 67 NY2d 834, quoting *Matter of Playboy Club v State Liq. Auth.,* 23 NY2d 544, 550; *cf., Matter of Barnaby Ridge v New York State Liq. Auth.,* 99 AD2d 830). The Administrative Law Judge (hereinafter ALJ) found that Mueller was present the whole time and that although the actual fighting may have been brief, it was preceded by several minutes of yelling and arguing. He also found that Mueller should have realized that the argument could turn violent, especially given the testimony that his bouncers had in the past attacked patrons. The ALJ was in the best position to assess the credibility of the witnesses *(see, Matter of We Rest. v New York State Liq. Auth.,* 175 AD2d 165) and, in our view, there is substantial evidence to support the determination that petitioner violated Alcoholic Beverage Control Law § 106 (6) *(see, Matter of Pappy Jack's Pub v Duffy,* 148 AD2d 870).

In addition, the 30-day suspension of petitioner's liquor license and the $1,000 bond forfeiture which were imposed as a penalty were not so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). In reaching this conclusion, we note that the record indicates at least one previous violation of the Alcoholic Beverage Control Law *(see, Matter of P.B.L. Entertainment v New York State Liq. Auth.,* 149 AD2d 512). Petitioner's remaining contentions have been considered and rejected as unpersuasive.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.