■ In the Matter of CLUB 44, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [610 NYS2d 526] —Determination of the respondent State Liquor Authority dated February 9, 1993, sustaining a charge that petitioner had permitted the licensed premises to become disorderly by suffering or permitting females on the licensed premises to induce male patrons to purchase alcoholic beverages in violation of Alcoholic Beverage Control Law § 106 (6), suspending petitioner's liquor license for 60 days and directing forfeiture of a $1000 bond, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William McCooe, J.], entered April 29, 1993), is dismissed, without costs.

Substantial evidence supports respondent's determination that there was an ongoing, established pattern of conduct at the licensed premises whereby a female dancer would sit down next to a male customer who would then be asked by a female bartender if he wanted to buy a drink for the dancer *(cf., Matter of Mal Rest. v New York State Liq. Auth.,* 74 AD2d 750). The penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222.) Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.