■ In the Matter of FRANZ, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [615 NYS2d 504] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* suspended petitioner's liquor license.

After a hearing, respondent concluded that petitioner had violated Alcoholic Beverage Control Law § 106 (6) by suffering or permitting its licensed premises to become disorderly on April 16, 1992 when several patrons became involved in an altercation. Petitioner contends that the determination must be annulled because it is not supported by substantial evidence.

When a purported violation of Alcoholic Beverage Control Law § 106 (6) is at issue, the key determination to be made is not whether an altercation took place, but "whether the licensee took appropriate action or stood by and permitted the disorderly conduct to continue" *(Jacobi v New York State Liq. Auth.,* 124 AD2d 1005). In this context, the actions of an employee vested with managerial authority may be imputed to the licensee *(see, Awrich Rest. v New York State Liq. Auth.,* 60 NY2d 645, 647), and the latter may be charged and penalized "for even a single instance of disorder committed *or tolerated* by the employee" *(Awrich Rest. v New York State Liq. Auth.,* 92 AD2d 925, 926, *affd* 60 NY2d 645, *supra* [emphasis supplied]).

Although petitioner argues that, in this case, the physical layout of the bar rendered it impossible for the manager, bartender Donna LaPorte, to reach the telephone to call the police during the altercation, thus leaving her attempt to break it up the only sensible course of action, the record evidence demonstrates that LaPorte had at least one opportunity to make such a call, but did not do so. Testimony given at the hearing established that Brenda Spenard, who had been barred from the premises approximately a year before for fighting, entered the bar on the evening in question and engaged in a conversation with her estranged husband, which eventually erupted into violence. After Spenard and her husband began fighting, he physically removed her from the premises, and according to one witness at least two minutes elapsed before Spenard reentered the premises, and threw barstools at her husband and another patron before finally departing. Thus, LaPorte could have telephoned the authorities while Spenard was outside the establishment.

Moreover, LaPorte testified that she knew not only that Spenard had been barred from the premises, but that the reason she was not allowed into the bar was because of previous violent behavior toward her husband, who was a regular customer. LaPorte also admitted having been told that, if Spenard did enter the premises, she was not be be served.

LaPorte's tolerance of Spenard's continued presence in the premises, coupled with her failure to summon the police when Spenard refused to leave and continued harassing her husband—or at the latest, after Spenard left the premises the first time, when the path to the phone would have again become clear—provides sufficient support for respondent's determination that LaPorte, the licensee's manager, "suffered or permitted" the premises to become disorderly.

Mikoll, J. P., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.