■ In the Matter of D & B RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [624 NYS2d 948] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated July 20, 1993, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 106 (6) and imposed a penalty of (1) a license suspension of 60 days, and (2) a bond forfeiture of $1,000.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The respondent's finding that the petitioner's employee was vested with managerial authority over the premises is supported by substantial evidence in the record, and accordingly, the employee's misconduct was permissibly imputed to the petitioner (see, Awrich Rest. v New York State Liq. Auth., 92 AD2d 925, affd 60 NY2d 645; see also, Matter of Falso v State Liq. Auth., 43 NY2d 721, 722-723; Matter of Bars R Us v New York State Liq. Auth., 192 AD2d 1050; Stonehenge Pub v State Liq. Auth., 118 AD2d 559). Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.

■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of MARTHA R., Respondent, v HERBERT R., Appellant. [624 NYS2d 933] —In consolidated child protective proceedings pursuant to Family Court Act article 10, the appeal is from a dispositional order of the Family Court, Dutchess County (Amodeo, J.), entered June 25, 1992, which granted the petition.

Ordered that the appeal is dismissed, without costs or disbursements.

The record indicates that the respondent voluntarily, knowingly, and intelligently stipulated to waive his right to appeal from the fact-finding adjudication in exchange for the agreed upon dispositional order. Having failed to show any grounds upon which to vacate the stipulation of settlement (see, Hallock v State of New York, 64 NY2d 224; Matter of Frutiger, 29 NY2d 143; Bellefleur v Gervais, 201 AD2d 524; Bailey v New York City Tr. Auth., 196 AD2d 854), the respondent cannot now appeal from the dispositional order or seek review of the fact-finding determination. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.