**16** In the Matter of Soca Paradise, Inc., Petitioner, v New York State Liquor Authority, Respondent. [649 NYS2d 9] —Determination of respondent New York State Liquor Authority, dated March 25, 1994, suspending petitioner's on-premises liquor license for 20 days forthwith and imposing a $1,000 bond forfeiture, unanimously modified, on the facts, to the extent of suspending petitioner's license for 10 days deferred and imposing a $500 bond forfeiture, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Greenfield, J.], entered February 28, 1995) is otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports a finding that petitioner's floor manager, who had managerial authority over the licensed premises and whose actions are imputable to petitioner (*Awrich Rest. v New York State Liq. Auth.*, 60 NY2d 645), was instrumental in creating the disorder on the premises when one of petitioner's security guards assaulted one of its patrons, and that petitioner thereby violated Alcoholic Beverage Control Law § 106 (6) (*Matter of Club 95 v New York State Liq. Auth.*, 23 NY2d 784). Although the Administrative Law Judge did not explicitly discredit the floor manager's denial of involvement, his finding crediting the patron's version of the altercation implies that he did. However, the penalty shocks our sense of fairness given the isolated and brief nature of the incident (*compare, e.g., Matter of Hilly-Hand, Inc. v New York State Liq. Auth.*, 227 AD2d 996; *Matter of B.C.D. & S. Enters. v New York State Liq. Auth.*, 202 AD2d 785). Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.