■ In the Matter of WAREHOUSE ENTERTAINMENT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respon-

dent. [703 NYS2d 139] —Determination of respondent New York State Liquor Authority, dated December 11, 1998, which found that petitioner had violated Alcoholic Beverage Control Law § 106 (6), by suffering and permitting its premises to become disorderly, and Alcoholic Beverage Control Law § 114 (6), by failing to conspicuously post its liquor license, and, for those violations, required petitioner to either pay a $2,000 civil penalty or suffer a ten-day license revocation, and to forfeit its bond in the amount of $1,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered February 5, 1999) dismissed, without costs.

There is substantial evidence in the record to support respondent's finding that petitioner violated Alcoholic Beverage Control Law § 106 (6) by permitting its premises to become disorderly. Specifically, there was evidence that petitioner's security measures on January 17, 1998 were inadequate and that, on that date, the premises was overcrowded and became the scene of a shooting and that, in the aftermath of the shooting, the premises became disorderly. There was also evidence that, by the time of the incident, the premises had been overcrowded for a sufficient length of time that petitioner's manager and/or owner should have known of the condition and taken measures to ameliorate it so as to reduce the considerable potential, subsequently realized, for disorder (*cf., Matter of Moonwalkers Rest. Corp. v New York State Liq. Auth.*, 250 AD2d 428). Furthermore, petitioner's violation of Alcoholic Beverage Control Law § 114 (6) was sufficiently established by uncontroverted hearsay evidence of petitioner's failure to conspicuously post its license (*Matter of Gray v Adduci*, 73 NY2d 741; *cf., Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625).

Under the circumstances of record, the penalty imposed does not shock our sense of fairness. Concur—Williams, J. P., Tom, Saxe, Buckley and Friedman, JJ.