OPINION OF THE COURT
Eileen Koretz, J.
The corporate defendant is charged with “disorderly premises” (Alcoholic Beverage Control Law § 106 [6]) and “inadequate supervision” (9 NYCRR 48.2) stemming from an as *748 sault that allegedly occurred at 229 West 28th Street on December 13, 2002. Defendant has filed a motion to dismiss the charges as facially insufficient pursuant to Criminal Procedure Law §§ 170.30, 170.35 and 100.40. For the reasons set forth below, defendant’s motion to dismiss is granted.
To be sufficient on its face, a misdemeanor[1] information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10.) These facts must be supported by nonhearsay allegations that, if true, establish every element of the offense. (CPL 100.40 [1] [c].) Conclusory allegations are insufficient (People v Dumas, 68 NY2d 729 [1986]), and where the factual portion fails to establish every element of the offense charged, a motion to dismiss for facial insufficiency must be granted. (People v Aejandro, 70 NY2d 133 [1987].)
Alcoholic Beverage Control Law § 106 (6) provides that “[n]o person licensed to sell alcoholic beverages shall * * * suffer or permit such premises to become disorderly.”
The accusatory instrument provides, in pertinent part: “[At time and place of occurrence] summons was issued for an assault w/occurred 12/13/02. * * * A licensed premise must ensure a high degree of supervision at all times to safeguard against any violations. However the premise became disorderly as supervision failed.” Defendant contends that the summons is insufficient in that it merely alleges that an assault occurred and fails to set forth how the defendant licensee “suffered” or “permitted” the premises to become disorderly. The People have failed to respond.[2] In any event, it is clear that appellate authority requires dismissal of this action.
In the civil context, it is well settled that a finding that a licensee “suffered or permitted” the premises to become disorderly under this statute cannot be supported by a showing of a single isolated occurrence. (Matter of Mal Rest, v New York State Liq. Auth., 74 AD2d 750, 751 [1st Dept 1980], lv denied 54 NY2d 602 [1981], citing Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y., 23 NY2d 544, 550 [1969].) *749 Instead, it must be established that the licensee or manager either knew of the condition on the premises, or should have known through reasonable diligence, and tolerated its existence. (Mal Rest, supra at 751; Matter of P.B.L. Entertainment v New York State Liq. Auth., 149 AD2d 512, 513 [2d Dept 1989] [citations omitted].) Moreover, a licensee cannot be held liable for the isolated and spontaneous acts of an ordinary-employee. (Matter of La Vigna Rest. Corp. v New York State Liq. Auth., 83 AD2d 867, 868 [2d Dept 1981], citing Playboy Club of N.Y., 23 NY2d at 544.) This is not the case, however, where an employee is an agent of the licensee with managerial authority over the operation of the premises and the conduct of the licensed activity on more than a temporary basis, and the agent is instrumental in creating the disturbance. (Awrich Rest, v New York State Liq. Auth., 60 NY2d 645, 647 [1983].) In such instances, it is not necessary to establish actual knowledge or a foreseeable pattern of conduct, and a single incident will be sufficient to hold the licensee responsible. (P.B.L. Entertainment, 149 AD2d at 513, quoting Awrich Rest, v New York State Liq. Auth., 92 AD2d 925, 926 [2d Dept 1983], affd 60 NY2d 645 [1983], and Matter of Club 95 v New York State Liq. Auth., 23 NY2d 784, 785 [1968].) Although this authority stems from civil proceedings following an administrative hearing held by the New York State Liquor Authority, the rulings are controlling in the case at hand.
Despite the fact that an information need only demonstrate “reasonable cause” to believe the defendant committed the crime charged at this stage of the proceedings (CPL 100.40 [1] [b]; 70.10), the Appellate Division’s interpretation of the statute mandates dismissal of the summons as fatally defective. Although an assault is alleged to have taken place, there are no factual allegations to establish how the licensee “suffered or permitted” the premises to become disorderly other than the conclusion that supervision failed. There are no facts, however, to establish how supervision failed, nor is it clear whether the premises became disorderly after the assault or because of it. Moreover, there are no facts alleging an established or continuing pattern of conduct that the defendant licensee or its agent knew or should have known of. (See, Matter of Moonwalkers Rest. Corp. v New York State Liq. Auth., 250 AD2d 428 [1st Dept 1998] [isolated assault insufficient but manager should have known about lengthy overcrowded condition and prevented premises from becoming disorderly]; Matter of Warehouse Entertainment v New York State Liq. Auth., 269 AD2d *750 278 [1st Dept 2000], lv denied 95 NY2d 762 [2000] [sufficient evidence that security measures were inadequate at scene of shooting; that premises were overcrowded for sufficient length of time; and that manager or owner should have known of condition and taken measures to reduce the potential, and realized, disorder].) There are also no facts alleging any conduct by any agent of the defendant that contributed to the alleged disorder so that knowledge may be imputed to the defendant. (See, Matter of Soca Paradise v New York State Liq. Auth., 232 AD2d 278 [1st Dept 1996] [actions of floor manager imputed to licensee where manager was instrumental in creating disorder when security guard assaulted patron]; see also, P.B.L. Entertainment, supra, 149 AD2d at 513 [disorderly premises established for bouncer’s assault on patron where bouncer was exercising managerial responsibility as head bouncer]; cf., La Vigna Rest. Corp., supra, 83 AD2d at 867 [disorderly premises not established where patron was involved in altercation with waiter, where principal was not present at outset of altercation, and where he promptly directed that police be called].) Nor is there any information to establish who was involved in the assault or that an assault even occurred other than the conclusory nature of the summons. In fact, there is no information to suggest that this was anything other than a single, isolated occurrence that could not have been foreseen by the defendant. Without such information this court is unable to determine how the licensee suffered or permitted the assault, or any other disorder, to occur. As such, the summons at issue is fatally defective in that it fails to demonstrate “reasonable cause” to believe the defendant committed the offense charged.
As to the second summons issued for “inadequate supervision” pursuant to 9 NYCRR 48.2, defendant’s motion must be granted for lack of jurisdiction. The New York City Criminal Court is a court of limited jurisdiction, and it possesses no power or, authority except that conferred upon it by statute. (CPL 10.30; NY Const, art VI, § 1 [a]; § 15 [a].) The Criminal Court has jurisdiction over Alcoholic Beverage Control Law violations by virtue of the Legislature’s designation of such violations as misdemeanors. (Alcoholic Beverage Control Law § 130 [3], [5].) However, section 48.2, which governs the “conduct of licensed premises,” has not been codified and made a part of the Alcoholic Beverage Control Law. Although it appears in the appendix to the statutory compilation of the Alcoholic Beverage Control Law, it is a rule of the New York State Liquor Authority and is part of an administrative scheme *751 that provides only for civil enforcement by the State Liquor Authority. (9 NYCRR 48.2.) As such, this court is without jurisdiction to enforce the rules of the New York State Liquor Authority.
Accordingly, defendant’s motion to dismiss the charges as facially insufficient is granted. The People are granted leave to replead the instruments in accordance with this decision.

. Alcoholic Beverage Control Law § 106 (6) is an A misdemeanor. (Alcoholic Beverage Control Law § 130 [5]; Penal Law § 55.10 [2] [c].)

. Despite the fact that this action commenced with the filing of a summons issued by the New York City Police Department and not a criminal court complaint filed by the District Attorney’s office, it is the duty of the District Attorney to “conduct all prosecutions for crimes and offenses cognizable by the courts” in their county. (County Law § 700 [1].)