People v Bowman (2024 NY Slip Op 50001(U))

[*1]

People v Bowman

2024 NY Slip Op 50001(U)

Decided on January 2, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 2, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York, Plaintiff,

against
William S. Bowman, Defendant.

Case No. 23100134

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Kirby W. Leggett [awaiting admission] of Counsel), for plaintiff.
Julie Cianca, Public Defender, Monroe County (Sara Gaylon of Counsel), for defendant.

Thomas J. DiSalvo, J.

History of the Case.
The defendant was charged with endangering the welfare of a child, P.L. § 260.10 on October 19, 2023. He was arraigned on November 1, 2023. The case was eventually adjourned by the court to December 20, 2023 for disposition,On December 11, 2023 defense counsel filed Omnibus Motions. The People filed a response to same on December 18, 2023.Motions were argued on December 20, 2023, whereupon, among other issues, the defense argued that the accusatory instruments were insufficient on their face, and that the statements of the defendant made to public servants as recorded in the body worn camera footage should be precluded.

Facts of the Case.
The accusatory instruments herein consisted of a misdemeanor complaint executed by Webster Police Officer Cameron Crisafulli and a deposition affirmed by defendant's girlfriend.Said accusatory instruments constituted an information as defined by CPL § 1.20 (4) The misdemeanor complaint alleged in pertinent part that
"Said defendant did intentionally, while caring for his child ... consumed multiple alcoholic beverages and was highly intoxicated while being the sole caretaker of the child. Due to said defendants [sic] intoxicated status, he was unable to walk or speak in complete sentences, and said defendant could not take care of his child, in which would be injurious to the physical or mental welfare of said child."
The said officer's statement in the factual part of the complaint was no doubt based on his observation of the defendant at the time of arrest. The deposition of the defendant's girlfriend [*2]indicated that the child in question was approximately four months old at the time of the alleged offense.She further stated that she left the child with the defendant on October 19th at about 6:30 A.M., when she left for work. At approximately 7:30 A.M. the child's mother telephoned the defendant to check the status of the child's welfare. The child's mother spoke to the defendant at that time. He did not appear intoxicated to her during that call.She returned home at around 11:40 A.M. for lunch. However, she stated that at that time "He was awake, and seemed like he was intoxicated and not acting like his normal self". She further affirmed that
"I noticed an un-opened white claw on my dresser. I confronted William about drinking while watching the baby. This is when William became verbally aggressive with me and started yelling. William proceeded to tell me that he already started drinking in the morning. This is when I decided to take the baby with me to work. As I was trying to gather the baby's stuff , William started throwing things such as the diaper bag. At this point William threatened to hit me. At this point I asked William's mother to get him because I did not want him at the house due to his violent behavior. William became argumentative with his mother, and was not able to get him to leave. This is when I contacted the police for assistance."
A CPL § 710.30 Notice was both handed to defense counsel in Webster Court at the time of the arraignment and allegedly mailed to the defense counsel on November 1, 2023.[FN1]
Said notice stated 
" Evidence of oral statement(s) made by the defendant to a public servant(s), Cory Coene, Cameron Crisafulli about the approximate time of: 2:08 p.m. the sum and substance of which is: See any and all BWC.
1 page. See the attachments provided as part of the notice of the above statements."
The "NARRATIVE' attached to the 710.30 notice did not set out any specific statements alleged to have been made by the defendant.

Legal Analysis.
Sufficiency of Accusatory Instruments. P.L. § 260.10 (1) states that
"A person is guilty of endangering the welfare of a child when:
He or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his or her life or health." Sufficiency of an information is governed by CPL § 100.40 (1), which states as follows:
"An information, or a count thereof, is sufficient on its face when:
(a) It substantially conforms to the requirements prescribed in section 100.15; and
(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof.
First of all it is un-controverted that the information herein substantially conforms to the requirements of CPL § 100.15 as required by CPL § 100.40 (1).Next it must be determined if the information, consisting of the complaint and supporting deposition provides reasonable cause to believe the defendant committed the offense herein. 
"'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay."[FN2]

Finally, the Court must determine if the information contains non-hearsay allegations establishing every element of the offense charged.[FN3]
In this case the mother of the child in question observed first hand the actions and behavior exhibited by the defendant. Thus her statements in the deposition were not hearsay.Nor were the statements of the officer hearsay, since he had a first hand view of the defendant at the time of arrest.
There are three elements that establish the offense of endangering the welfare of a child by acting in a manner likely to be injurious to said child. They are as follows:
One, that the defendant acted in a manner likely to be injurious to the physical, mental or moral welfare of the child. Two, that the defendant did so knowingly. Third, that the child was less than seventeen years of age.[FN4]

Defendant's motion contend that the accusatory instrument does not contain any non-hearsay allegations nor that the defendant's actions herein were done knowingly. "A person knowingly acts in a manner likely to be injurious when that person is aware that he or she is [*3]acting in such manner."[FN5]
In addition, P.L. 15.05 (2) states that "A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists." Although one cannot know what is in the mind of another person, a reasonable person knows or should have known that becoming intoxicated while being responsible for the care taking of an infant is not a responsible act. Thus it would not be unreasonable to conclude that the defendant was acting in a knowing manner when he was consuming alcohol at the same time he was babysitting the child herein. The description of the defendant provided by the child's mother in her supporting deposition established the element of the defendant acting knowingly. Finally, the child was less than 17 years of age. Thus the accusatory instrument herein sets out the three elements of the offense herein. Furthermore, it is well settled that
"To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. CPL §§ 100.15(3); 100.40(1)(b); 70.10. These facts must be supported by non-hearsay allegations that, if true, establish every element of the offense. CPL § 100.40(1)(c). Conclusory allegations are insufficient, People v. Dumas, 68 NY2d 729, 506 N.Y.S.2d 319, 497 N.E.2d 686 (1986), and where the factual portion fails to establish every element of the offense charged, a motion to dismiss for facial insufficiency must be granted. People v. Alejandro, 70 NY2d 133, 517 N.Y.S.2d 927, 511 N.E.2d 71 (1987)." (People v. 229 Restaurant, Inc., 195 Misc 2d 747,748, 761 N.Y.S.2d 775 [2002])
Nevertheless, "' [A]n accusatory instrument must be given a reasonable, not overly technical reading' (People v. Konieczny, 2 NY3d 569, 576, 780 N.Y.S.2d 546, 813 N.E.2d 626 [2004] ). "Thus, the test for facial sufficiency 'is, simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy'" (People v. Dreyden, 15 NY3d 100, 103, 905 N.Y.S.2d 542, 931 N.E.2d 526 [2010] ). (People v. Argon, 28 NY3d 125,128, 42 N.Y.S.3d 646,647 [2016]) That standard was certainly met by the supporting deposition herein. In this case the child's mother's supporting deposition describes her specific observations of the defendant. None of what was set out in her said deposition was hearsay.[FN6]

The defense further contends that the information should be dismissed because the allegations therein are conclusory.The definition of a conclusory statement is one "consisting of or relating to a conclusion or assertion for which no supporting evidence is offered". That is not the case herein. A fair reading of the both the misdemeanor complaint and the supporting deposition provides one with evidence of improper behavior on the part of the defendant, to wit: the officers observation that the defendant was unable to walk or speak in complete sentences; the observation of the defendant's girlfriend of the defendant's demeanor, verbal aggressiveness upon being confronted about his drinking while taking care of the infant child; the admission by the defendant to his girlfriend that he already started drinking in the morning; that the defendant started to throw things at his girl friend; that he threatened to hit her. All this while the infant child was in close proximity, provided non-conclusory evidence and reasonable cause to believe that the defendant committed the offense charged.
Preclusion. As previously stated, the defendant was arraigned on November 1, 2023. The People provided the defense the 710.30 Notice on that date. The 710.30 Notice consisted of two pages. Said notice indicated that statements were made to named Webster Police Officers. A box was checked next to a statement that stated "See the attachments provided as a part of the notice of the above statements".The notice also stated "See any and all BWC". The attachment was entitled "NARRATIVE", which included statements made to the police by the child's mother and included information concerning attempts by the police to speak to the defendant and his responses thereto. The People contend that the body worn camera footage was provided to the previously assigned public defender, but no time frame was provided. Nevertheless, the People indicate that it was also sent to the current public defender on December 18, 2023, some thirty eight days after arraignment. However, the defense indicated that it was still not in possession of same as of the December 20th court date.
In any event CPL § 710.30 (1) requires the People provide the defense with all statements made by the defendant to a public servant. CPL § 710.30 (2) requires that said statements be provided to the defense within 15 days of arraignment. Pursuant to CPL § 710.30 (3) if said statements are not so provided during that time period, any evidence of said statements cannot be received at trial. There are no exceptions to said requirement, except "for good cause shown".[FN7]

Assuming arguendo that the body worn camera footage was not originally provided to the defense within the required 15 days, the question would become does the language in the CPL § 710.30 motion to wit: "See Any and all BWC" satisfy notice requirements of the statute? That question must be answered in the negative. It has long been held that "... pretrial notice affords defense counsel an opportunity, prior to trial, to investigate the circumstances of the alleged fact and voluntariness of the purported statements and prepare the defense accordingly." (People v. Briggs, 38 NY2d 319,323, 379 N.Y.S.2d 779,782 [1975]). However,
" It is well settled that the notice given pursuant to CPL 710.30 need not be a verbatim account of the defendant's oral statement (see People v. Bennett, 56 NY2d 837, 453 N.Y.S.2d 164, 438 N.E.2d 870 [1982]; People v. Laporte, 184 AD2d 803, 584 N.Y.S.2d 662 [1992], appeal denied 80 NY2d 905, 588 N.Y.S.2d 831, 602 N.E.2d 239 [1992]; [*4]People v. Garrow, 151 AD2d 877, 542 N.Y.S.2d 849 [1989], lv denied 74 NY2d 948, 550 N.Y.S.2d 282, 549 N.E.2d 484 [1989]). Rather, the People need only give notice of the sum and substance of the statement (see People v. Laporte, 184 AD2d 803, 584 N.Y.S.2d 662; People v. Holmes, 170 AD2d 534, 566 N.Y.S.2d 93 [2d Dept. 1991], appeal denied 77 NY2d 961, 570 N.Y.S.2d 495, 573 N.E.2d 583 [1991]; People v. Murphy, 163 AD2d 425, 558 N.Y.S.2d 140 [2d Dept. 1990]) so that the defendant is made aware of it and receives an adequate opportunity to timely move to suppress it (see People v. Chase, 85 NY2d 493, 626 N.Y.S.2d 721, 650 N.E.2d 379 [1995]; People v. Rodney, 85 NY2d 289, 624 N.Y.S.2d 95, 648 N.E.2d 471 [1995]). Moreover, the statements 'must be described sufficiently so that the defendant can intelligently identify them' (People v. Lopez, 84 NY2d 425, 428, 618 N.Y.S.2d 879, 643 N.E.2d 501 [1994])." (People v. Morales, 75 Misc 3d 232, 240,166 N.Y.S.3d 458,465 [2022]).
A statement in the 710.30 notice directing the defense to "See Any and all BWC", does not in any way give the reader notice of the sum and substance of the statements of the defendant. Nor does it make the defense aware of said statements or give an adequate opportunity to timely move to suppress nor does it adequately identify any said statements. 

 Conclusion
The motion to dismiss the accusatory instrument herein as being insufficient on it face pursuant to CPL §§ 170.30d (1) (a) and 170.35 (1) (a) is hereby denied. The motion to preclude any statements of the defendant recorded as part of the body worn camera footage is hereby granted.
Dated: January 2, 2024
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1: A copy of same was also provided to the Court at that time.

Footnote 2: (CPL § 70.10 [2]).

Footnote 3: (CPL § 100.40 [1] [c])

Footnote 4: (CJI2d[NY] Penal Law Article 260)

Footnote 5: (Id.)

Footnote 6: "([1] Hearsay is an out of court statement of a declarant offered in evidence to prove thetruth of the matter asserted in the statement.

[2] The declarant of the statement is a person who is not a witness at the proceeding, or if the declarant is awitness, the witness uttered the statement when the witness was not testifying in the proceeding.

[3] A statement of the declarant may be written or oral, or non-verbal, provided the verbal or non-verbalconduct is intended as an assertion.") (NY Courts. Gov, Guide to New York Evidence, Definition of Hearsay § 8.00)

Footnote 7: (CPL § 710.30 [2])