■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD ARICE HARVELL, Appellant.— Order unanimously affirmed. (See *People* v. *Allgood*, 2 A D 2d 931.) Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO YEARRY, Appellant.— Appeal from a judgment of the County Court, Schoharie County. Defendant was originally sentenced in 1946 as a second offender to 7 to 14 years for burglary, third degree, and to 3-½ to 7 years for escape, the sentences to run concurrently. The earlier conviction upon which the sentence as a second offender was based was vacated in 1956 and the defendant then moved for resentence as a first offender. He was resentenced as a first offender on May 14, 1956 to a definite period of 10 years for burglary, third degree, and to a definite period of 5 years for escape, the sentences to run concurrently. He appeals directly from these sentences. The court was required to sentence defendant as a first offender to an indeterminate term. (Penal Law, § 2189.) Judgment reversed on the law and defendant remanded to the County Court of Schoharie County for resentence. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.

■ In the Matter of SADIE JOHNSTON, Petitioner, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.— Proceeding under article 78 of the Civil Practice Act to review the determination of the State Liquor Authority revoking petitioner's restaurant liquor license. The petitioner was charged with seven violations of the Alcoholic Beverage Control Law for which a liquor license may be revoked. After a hearing in which petitioner was represented by counsel and was afforded the opportunity to cross-examine witnesses and to present evidence, the hearing commissioner has sustained five of the charges. The Authority has adopted the hearing commissioner's findings and issued an order revoking petitioner's license. The charges sustained consisted of sales to minors on two occasions, sales to an intoxicated person on two occasions, and permitting the licensed premises to become disorderly. There was sworn testimony at the hearing sufficient to sustain the charges, if it were believed. The credibility of witnesses and the weight to be given their testimony are for the determination of the hearing commissioner and the Authority. The record contains substantial competent evidence in support of the charges. There was no abuse of discretion by the Authority in imposing the penalty involved. The Authority is entitled to consider, in imposing a penalty, after charges are sustained, the previous record and history of the licensee and the licensed premises. The mere fact that a lesser penalty was imposed upon others upon similar charges does not demonstrate an abuse of discretion. Determination unanimously confirmed and the petition dismissed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.