■ RUMORS DISCO, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated March 20, 1987, which upon the petitioner's plea of "no contest" to a charge of selling alcoholic beverages to a minor, imposed a penalty of a 52-day suspension of the petitioner's on-premises liquor license, 45 days forthwith and 7 days deferred, and caused a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner contends that the penalty imposed by the respondent, i.e., suspension of its liquor license for 52 days

and a $1,000 bond forfeiture, for a violation of Alcoholic Beverage Control Law § 65 (1) (sale of alcoholic beverages to a minor) was so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). We disagree. In imposing a penalty, the State Liquor Authority is entitled to consider the nature and gravity of the violation and the previous record and history of the licensee and the licensed premises *(see, Awrich Rest. v New York State Liq. Auth.,* 92 AD2d 925, *affd* 60 NY2d 645, quoting *Matter of Johnston v Rohan,* 2 AD2d 932). In the latter regard, the record reveals a prior violation of the Alcoholic Beverage Control Law and numerous letters of warning. Under the circumstances, the penalty imposed should not be disturbed *(see, Matter of Pell v Board of Educ., supra; Matter of Stolz v Board of Regents,* 4 AD2d 361).

We have reviewed the petitioner's remaining arguments and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.