■ In the Matter of CHARLES J. CZORA, Doing Business as TJ's TAVERN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: On this record there is substantial evidence in support of the determination that petitioner's liquor license should be suspended for 30 days because noise, disturbance and disorder occurred on or adjacent to the licensed premises which adversely affected the health, welfare, safety or repose of the inhabitants of the area *(see,* 9 NYCRR 53.1 [q]; *Kimker Rest. Co. v Gazzara,* 104 AD2d 360; *Quintard Assocs. v New York State Liq. Auth.,* 57 AD2d 462, 463). Moreover, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Stonehedge Pub v State Liq. Auth.,* 118 AD2d 559; *Quintard Assocs. v New York State Liq. Auth., supra,* at 466), particularly in view of the prior warnings petitioner received *(see, Rumors Disco v New York State Liq. Auth.,* 137 AD2d 514, *lv denied* 71 NY2d 806). (Article 78 proceeding transferred by order of Supreme Court, Erie County, McGowan, J.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.