■ In the Matter of PANACEA TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78, to review a determination of the New York State Liquor Authority, dated August 27, 1991, which, *inter alia,* revoked the petitioner's on-premises liquor license and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, without

costs or disbursements, to the extent that the penalty imposed is annulled, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed (1) a $1,000 bond forfeiture, and (2) a suspension of the petitioner's liquor license for not more than 60 days.

Contrary to the contention of the petitioner, the respondent did not exceed its authority in adopting rule 36.1 (q) of the Rules of the New York State Liquor Authority *(see,* 9 NYCRR 53.1 [q]; *Quintard Assocs. v New York State Liq. Auth.,* 57 AD2d 462; *see also, Matter of Czora v New York State Liq. Auth.,* 149 AD2d 927; *Matter of Kened Bar v New York State Liq. Auth.,* 131 AD2d 760; *Matter of Jimmy Daze Inn v New York State Liq. Auth.,* 121 AD2d 447; *Matter of Taverna El Pulpo v New York State Liq. Auth.,* 103 AD2d 701). Further, there was substantial evidence that the petitioner violated rule 36.1 (q) of the Rules of the New York State Liquor Authority *(see,* 9 NYCRR 53.1 [q]; *Matter of Gitlin v Doyle,* 30 NY2d 909; *Matter of Gerbino v New York State Liq. Auth.,* 12 NY2d 904; *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150; *Matter of Kened Bar v New York State Liq. Auth., supra; Matter of Jimmy Daze Inn v New York State Liq. Auth., supra).* We find, however, that the penalty was so excessive that, under the circumstances, it must be annulled and the matter remitted to the respondent for the imposition of a new penalty not to exceed a 60-day suspension and a $1,000 bond forfeiture *(see, Matter of Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874; *Matter of We Rest. v New York State Liq. Auth.,* 175 AD2d 165). Balletta, J. P., Miller, Ritter and Copertino, JJ., concur.