■ In the Matter of CITYWORLD ENTERPRISES, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Petition brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Peter Tom, J.], entered March 21, 1991), to annul the determination of the respondent New York State Liquor Authority, dated January 17, 1991, which revoked petitioner's liquor license and imposed a $1,000 bond claim, is unanimously granted, the determination reversed, on the law, and the charge dismissed, without costs.

Petitioner, the operator of a Manhattan dance club known

variously as the Island Club and the Reggae Lounge, was charged with violation of rule 36.1 (q) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [q]), which provides, in pertinent part, that a license may be revoked for cause where "any noise, disturbance, misconduct, disorder, act or activity occurs in the licensed premises, or in any area in front of or adjacent to the licensed premises, or in any parking lot provided by the licensee for use by licensee's patrons, which * * * results in the licensed premises becoming a focal point for police attention".

After an administrative hearing, at which seven police officers testified, the Administrative Law Judge ("ALJ") found that at least eight incidents involving serious assaults and/or shootings transpired on or about the immediate area of petitioner's licensed premises between 1986 and 1990. The most serious incidents, which involved a number of grievous injuries and deaths, including that of a club employee who was inadvertently in the line of fire, all occurred between 1988 and 1990. The violence occurring in the premises did not reflect the surroundings in which they were located, which were not considered a high crime area, and the evidence established that the premises required an unduly large share of the local police resources.

Based on these findings the ALJ found that the evidence was sufficient to sustain the charge. In doing so, he specifically held, "It is not alleged and need not be shown that the licensee was at fault in order to establish a violation of the rule," and that "[t]he fact that management appears to have cooperated with the police does not constitute a defense."

In *Matter of Beer Garden v New York State Liq. Auth.* (79 NY2d 266), the Court of Appeals, while not invalidating the subject regulation (9 NYCRR 53.1 [q]) per se, held that it may not be applied in such a way as to subject a licensee to strict liability. The basis for the Court's decision was that the application of a no-fault standard would expand the liability called for in the statute which the regulation is designed to implement, i.e., Alcoholic Beverage Control Law § 106 (6), which provides that "No person licensed to sell alcoholic beverages shall * * * suffer or permit such premises to become disorderly." Moreover, the Court held that a finding by the ALJ that the licensee was aware of what was going on does not obviate the erroneous application of a strict liability standard to the licensee's conduct.

In the case at bar, the charge itself made no reference to a culpable mental state on the part of the licensee and the ALJ

made no findings as to either the licensee's knowledge or fault. Indeed, the ALJ specifically held that fault was irrelevant. As in *Beer Garden (supra),* these findings cannot satisfy the statutory standard for liability, i.e., to suffer or permit disorderly conduct, which, at least, necessitates a finding that the licensee had "knowledge or the opportunity through reasonable diligence to acquire knowledge" of the recurring condition, and that it could have been prevented through "reasonable supervision" *(People ex rel. Price v Sheffield Farms-Slawson-Decker Co.,* 225 NY 25, 30). Under such circumstances, the petition to annul the determination revoking petitioner's license must be granted and the charge dismissed. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.