■ In the Matter of RICHARD DAWSON, Doing Business as CAMELOT CLUB, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [608 NYS2d 730] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent which revoked petitioner's liquor license.

Petitioner is the sole shareholder and president of Richard Dawson Corporation, which, as owner and operator of a bar known as the Camelot Club in the Village of Spring Valley, Rockland County, holds a license to sell liquor at the club. In November 1990, respondent sought to cancel or revoke petitioner's liquor license on the ground that, inter alia, the club had become the "focal point" of police activity (see, 9 NYCRR 53.1 [q]).* Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the "focal point" charge, the third numbered charge, despite having made a specific factual finding that the evidence failed to establish that petitioner "suffered or permitted" the activity which formed the basis for that charge to take place. Respondent adopted the ALJ's findings, sustained the "focal point" charge, revoked petitioner's license and imposed a $1,000 bond claim. Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination and Supreme Court transferred the matter to the Second Department, which in turn transferred it to this Court.

The Court of Appeals holding in Matter of Beer Garden v New York State Liq. Auth. (79 NY2d 266) mandates dismissal of the charge. In Beer Garden, the Court expressly found respondent's application of the "focal point" regulation, without reference to fault on the part of the charged party, invalid

---

* The charge at issue, in its entirety, states: "That the occurrence of noise, disturbance, misconduct or disorder in the licensed premises, in areas in front of or adjacent to the licensed premises, or in the parking lot of the licensed premises has resulted in the licensed premises becoming a focal point for police attention; all cause for revocation, cancellation or suspension of the license in accordance with rule 36.1 (q) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [q])."

and unauthorized by statute (see, supra, at 277). Given that respondent made no finding that petitioner "suffered or permitted" the disturbances or altercations which resulted in the premises becoming the focus of police activity, and in fact explicitly adopted the ALJ's finding that he had not done so, the charge is not legally sustainable (see, Matter of Cityworld Enters. v New York State Liq. Auth., 183 AD2d 402).

There is, however, no merit in petitioner's contention that respondent's conduct in refusing to dismiss the aforementioned charge, despite its awareness of the decision in Beer Garden, is so egregious or frivolous as to warrant the imposition of sanctions.

Mikoll, J. P., Mercure and Crew III, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and the third numbered charge dismissed.