■ In the Matter of EDUARDO LUCIANO, Petitioner, v THOMAS A. DUFFY, JR., et al., Respondents. [609 NYS2d 21] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated May 29, 1991, which, after a hearing, cancelled the petitioner's liquor license and imposed a $1,000 bond claim.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charge is dismissed.

The petitioner is the owner and operator of a bar located in Peekskill, New York. In 1990, the petitioner was charged with violating the provisions of a rule of the State Liquor Authority (9 NYCRR 53.1 [q]), which provides, in pertinent part, that a license may be cancelled for cause when "any noise, disturbance, misconduct, disorder, act or activity occurs in the licensed premises, or in [an] area in front of or adjacent to the licensed premises * * * which * * * results in the licensed premises becoming a focal point for police attention."

After a hearing, the Administrative Law Judge (hereinafter ALJ) found that there was sufficient evidence to sustain the charge. He stated that the "focal point" rule "is essentially a no fault rule" and found that the licensed premises had received an unusual and excessive amount of police attention. The ALJ noted that there was evidence that the petitioner had made efforts to minimize the problem, but stated that such evidence was relevant only "in mitigation of the charge."

The Court of Appeals has held that the "focal point" rule may not be applied in such a way as to subject a licensee to

strict liability *(see, Matter of Beer Garden v New York State Liq. Auth.,* 79 NY2d 266). The Court found that the application of a no-fault standard would expand the liability of licensees under Alcoholic Beverage Control Law § 106 (6), which provides that "[n]o person licensed to sell alcoholic beverages shall * * * suffer or permit such premises to become disorderly."

Here, the ALJ's findings were insufficient to satisfy the statutory standard of liability *(see, Matter of Beer Garden v New York State Liq. Auth., supra; Matter of Cityworld Enters. v New York State Liq. Auth.,* 183 AD2d 402). Although the ALJ found that the petitioner was aware of the problem, this finding, by itself, is not enough to sustain the charge against him *(see, Matter of Beer Garden v New York State Liq. Auth., supra; Matter of Cityworld Enters. v New York State Liq. Auth., supra).* Accordingly, the petition to annul the determination is granted and the charge is dismissed. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.