■ In the Matter of WILLIAM KEENAN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [613 NYS2d 367] — Determination of the respondent State Liquor Authority dated September 15, 1993, which suspended petitioner's liquor license for 60 days and imposed a $1000 bond forfeiture upon a finding that petitioner suffered or permitted gambling on the licensed premises in violation of Alcoholic Beverage Control Law § 106 (6), unanimously annulled, on the law, only to extent of vacating the penalty, the petition otherwise denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Bernard Burstein, J.], entered on or about March 11, 1994) is remanded to respondent for imposition of a lesser penalty, without costs.

Substantial evidence supports respondent's finding that petitioner suffered or permitted gambling on the licensed premises, including petitioner's own testimony, which was sufficient to conclude that petitioner had vested managerial authority in the bartender who was working on the day of the undercover operation *(see, Matter of Falso v State Liq. Auth.,* 43 NY2d 721), and the testimony of the undercover officer, which was sufficient to conclude that the bartender was aware, or should have been aware, of the gambling taking place on the premises *(cf., Matter of Leake v Sarafan,* 35 NY2d 83). We annul the penalty as so disproportionate to the offense as to be shocking to one's sense of fairness *(cf., Matter of Levittown Events v Duffy,* 135 AD2d 539, *lv denied* 71 NY2d 805), and remand for imposition of an appropriate penalty. Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.