■ In the Matter of 7TH AVENUE & GROVE STREET CORP., Doing Business as GROVE BAR, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [626 NYS2d 83] —Determination

of respondent State Liquor Authority, dated March 21, 1994, which revoked petitioner's on-premises liquor license and imposed a $1,000 bond forfeiture, is unanimously modified, on the facts, only to the extent of vacating the penalty, the petition otherwise denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [David Saxe, J.], entered May 18, 1994), remanded to respondent for reconsideration of the penalty, without costs.

Substantial evidence supports respondent's finding that noise, disturbance, and disorder occurred on or adjacent to the licensed premises which adversely affected the health, welfare, safety or repose of the inhabitants of the area, in violation of 9 NYCRR 53.1 (q). The evidence included a petition signed by 109 neighbors complaining of the noise, the testimony of four neighbors concerning the frequency and volume of the music emanating from the premises and the obstruction of pedestrian traffic caused by patrons on the sidewalk in front, New York Environmental Protection Department records showing that fines had been imposed against petitioner for four separate noise violations, and Police Department records showing that summonses had been issued to petitioner for loud noises and for a large disorderly crowd outside the premises. However, the penalty of revocation at this time may be so excessive as to shock our sense of fairness *(compare, Matter of Czora v New York State Liq. Auth.,* 149 AD2d 927; *Quintard Assocs. v New York State Liq. Auth.,* 57 AD2d 462), in view of the fact that there have been no complaints against petitioner since it closed down for several months to soundproof and carpet the premises, and, upon reopening, changed its entertainment to a more sedate fare, and we accordingly vacate the penalty and remand to respondent for reconsideration of the penalty imposed *(see, Matter of Keenan v New York State Liq. Auth.,* 205 AD2d 359) in light of the changed conditions. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.