■ J. Gerard Combs et al., Respondents, v Marc Lewis et al., Appellants. [671 NYS2d 255] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about August 8, 1997, which denied defendants' motion to dismiss the complaint for want of prosecution, unanimously affirmed, without costs.

"[C]ourts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b)" (*Chase v Scavuzzo*, 87 NY2d 228, 233). Here, the only 90-day demand that defendants ever made was in May 1990, which demand was tolled and effectively withdrawn by the stipulation dated November 17, 1990. There was, as a result, no operative demand in March 1997, when defendants renewed their motion to dismiss the complaint pursuant to CPLR 3216. Consequently, the IAS court properly denied the motion to dismiss. Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.

■ In the Matter of La Trieste Restaurant & Cabaret, Inc., Petitioner, v New York State Liquor Authority, Respondent. [671 NYS2d 250] —Determination of respondent State Liquor Authority dated September 30, 1997, revoking petitioner's on-premises liquor license and imposing a $1,000 bond forfeiture and a two-year proscription on relicensing of the premises, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered November 6, 1997) dismissed, without costs.

Respondent's findings that the licensee knowingly encouraged or permitted improper conduct, including threats against and harassment of legal demonstrators, in violation of 9 NYCRR 53.1 (n), and noise, disturbance, misconduct and disorder on or adjacent to the licensed premises that adversely affected the health, welfare, safety of the inhabitants of the area and resulted in the premises becoming a focal point for police attention in violation of 9 NYCRR 53.1 (q) (*see, Matter of 7th Ave. & Grove St. Corp. v New York State Liq. Auth.*, 215 AD2d 107) were supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). The penalties imposed do not shock our sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.