■ In the Matter of MOONWALKERS RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [673 NYS2d 16] —Determination of respondent New York State Liquor Authority, dated November 5, 1997, in a proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Wetzel, J.], entered December 10, 1997) which found petitioner to have violated Alcoholic Beverage Control Law § 106 (6) by permitting an altercation/assault on the premises on June 8, 1996 and by permitting overcrowding on March 1, 1997, and found petitioner to have violated Alcoholic Beverage Control Law § 100 (4) by permitting more than one stand-up bar on the premises, and which, for the aforestated violations, revoked petitioner's license and imposed a $1,000 bond forfeiture, unanimously modified, on the law and the facts, to the extent of annulling and vacating so much of the determination as found petitioner to have violated Alcoholic Beverage Control Law § 106 (6) by reason of having permitted the June 8, 1996 altercation and annulling and vacating the penalty, the matter is remanded to the respondent agency for imposition of an appropriate penalty, and the determination is otherwise confirmed, without costs.

The evidence does not support the respondent's finding that the petitioner violated Alcoholic Beverage Control Law § 106 (6) on June 8, 1996, since the events that culminated in a patron striking a band member were unexpected and of such a brief duration that petitioner could not have prevented them through reasonable supervision (*see, Matter of Beer Garden v New York State Liq. Auth.*, 79 NY2d 266, 276-277; *Matter of Cityworld Enters. v New York State Liq. Auth.*, 183 AD2d 402).

There was, however, substantial evidence to support respondent's finding that patrons were directly served from a service bar in violation of Alcoholic Beverage Control Law § 100 (4) (*see, Matter of Square Rigger Bar v New York State Liq. Auth.*, 181 AD2d 611), and that the subject premises were overcrowded for a sufficiently lengthy time that the manager should have known of the condition and prevented the premises from becoming disorderly (*see, Matter of Beer Garden v New York State Liq. Auth., supra; see also, Matter of 7th Ave. & Grove St. Corp. v New York State Liq. Auth.*, 215 AD2d 107; *Matter of Lois, Inc. v New York State Liq. Auth.*, 201 AD2d 380).

Even were we not annulling the violation based upon the June 8, 1996 altercation/assault, we would find the penalty of revocation harsh and excessive. For the reasons stated, the matter is remanded to the agency for imposition of an appropri-

ate penalty. Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.