■ In the Matter of JAMES J. VERNEY, Doing Business as FOLEY'S SQUARE, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [679 NYS2d 198] —White, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 7, 1997 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the penalty imposed by respondent.

Petitioner operates a bar and restaurant in the Village of New Paltz, Ulster County, that is in close proximity to a local college and other bars catering to students. It appears that on Thursday nights in 1995 petitioner featured a $5 all you can drink night which, not unexpectedly, drew a large noisy crowd. To accommodate his customers, petitioner set up a second stand-up bar and fenced off an outdoor area for their use. In response to complaints of excessive noise and disorderly conduct, respondent conducted an investigation that led it to file a "Notice of Pleading" to revoke license containing 15 charges that was subsequently amended to include three more. In addition, respondent filed a "Notice of Interview Regarding Non-Renewal of License". At the conclusion of the revocation proceeding, the Administrative Law Judge (hereinafter ALJ) sustained the charges of permitting overcrowding, extending the license to a separate unlicensed area, operating a second stand-up bar, and allowing the establishment to become disorderly by generating excessive noise well into the early morning hours. Respondent adopted the ALJ's findings and issued a penalty revoking petitioner's liquor license, assessing a $1,000 bond claim and imposing a two-year proscription against the future licensure of the building containing petitioner's business. Thereafter, utilizing the ALJ's findings, it directed that an order of nonrenewal be entered. Petitioner challenged these penalties in this CPLR article 78 proceeding. Supreme Court annulled the revocation penalty but made no reference to the nonrenewal order. Respondent appeals.

While the noise emanating from petitioner's establishment was undoubtedly disturbing, the night supervisor of the New Paltz Police Department testified that it was not any more excessive than that of the neighboring bars. He further stated that three quarters of the complaints came from one person and that petitioner had been very cooperative in attempting to resolve any problems. He went on to state that the police had not received habitual complaints about disorderly conduct on petitioner's premises and opined that petitioner had a good handle on the situation. Notably, there are no findings that petitioner's conduct posed a genuine danger of serious injury to its patrons or the public. The record also shows that petitioner has promised to take remedial steps to curtail the noise. Taking these factors into account and in the absence of any prior warnings to petitioner, we agree with Supreme Court that the penalty should be revoked as it is shocking to one's sense of fairness (see, Matter of Moonwalkers Rest. Corp. v New York State Liq. Auth., 250 AD2d 428; Matter of Real Bonhomme v New York State Liq. Auth., 221 AD2d 882; Matter of 7th Ave. &

*Grove St. Corp. v New York State Liq. Auth.*, 215 AD2d 107; *compare, Matter of La Trieste Rest. & Cabaret v New York State Liq. Auth.*, 249 AD2d 156, *lv denied* 92 NY2d 809; *Matter of K T D Enters. v New York State Liq. Auth.*, 205 AD2d 938, *lv denied* 84 NY2d 807).

Because we have the same power as Supreme Court and as the issue has been fully briefed, we will consider petitioner's challenge to the nonrenewal order (*see, Meraner v Albany Med. Ctr.*, 199 AD2d 740, 742). Our inquiry on this issue is whether respondent acted arbitrarily and capriciously (*see, Matter of Rumors Disco v New York State Liq. Auth.*, 232 AD2d 421; *Matter of 53089 Martina Corp. v New York State Liq. Auth.*, 190 AD2d 849, *lv denied* 81 NY2d 710). We conclude that it did since, in light of petitioner's cooperative attitude, as exemplified by his promise to take remedial measures and his relationship with the police, and in the absence of a prior history of disorderly conduct, the record is devoid of proof that the conditions that gave rise to the revocation proceeding would be continued by petitioner (*see, Matter of 512-3rd St. v New York State Liq. Auth.*, 217 AD2d 1010). Accordingly, we shall annul respondent's direction to enter a nonrenewal order.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to petitioner, annulling that part of respondent's determination which directed that an "Order of Non-Renewal" be entered; matter remitted to respondent for imposition of an appropriate penalty; and, as so modified, affirmed.