■ In the Matter of MOHAMED MONESSAR et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [698 NYS2d 666] —Determination of respondent State Liquor Authority dated April 29, 1998, which canceled petitioners' off-premises liquor license and imposed a $1,000 bond forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered on July 7, 1998) dismissed, without costs.

Respondent's finding that petitioners' store clerk sold an alcoholic beverage to a minor in violation of Alcoholic Beverage Control Law § 65 (1) is supported by substantial evidence. The "Police Referral" form, signed by the "arresting" officer's commanding officer one day after the incident, indicates that a summons was issued to the clerk for having sold a can of beer to an underage police cadet. Such report, although hearsay, is sufficiently probative to support such finding, at least where petitioners testified that their clerk had been fined in criminal court in connection with the incident and do not dispute the report's veracity (*see, Matter of Gray v Adduci*, 73 NY2d 741; *but cf., Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625, 627 [2d Dept]). There is no merit to petitioners' argument that their right to due process was violated by the failure of the underage cadet and arresting officer to attend the hearing (*see, Matter of Gray v Adduci, supra*). Nor does the penalty of license cancellation shock our sense of fairness, this being petitioners' fourth violation for selling alcohol to minors in a period of less than two years (*see, 3120 Wilkinson Food Corp. v Duffy*, 224 AD2d 296). Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.