■ In the Matter of MGN, LLC, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [916 NYS2d 98]—

Determination of respondent, dated June 15, 2010, which canceled petitioner's liquor license, imposed a $25,000 civil penalty and directed forfeiture of its $1,000 bond, unanimously confirmed, the petition denied and the proceeding brought pur-

suant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan A. Madden, J.], entered on or about July 19, 2010) dismissed, without costs.

After petitioner controverted the findings of the first administrative law judge (ALJ) with respect to four charges he sustained against it, the members of respondent, who took issue with the ALJ's conclusions as to certain of 17 dismissed charges, did not abuse their authority in remitting the matter to a second ALJ for findings as to all charges (*see* 9 NYCRR 54.4 [g]; *see also Matter of KT's Junc., Inc. v New York State Div. of Human Rights*, 74 AD3d 1910 [2010]). "Although the findings of an Administrative Law Judge, particularly those concerning the resolution of issues of credibility, are entitled to considerable weight, they are nevertheless not conclusive and may be overruled by the official or body with the power to mete out the discipline, if that action is supported by substantial evidence" (*Matter of Fabulous Steak House v New York State Liq. Auth.*, 186 AD2d 566, 567 [1992], *lv denied* 80 NY2d 761 [1992]; *Matter of 1442 Third Ave. Rest. Corp. v New York State Liq. Auth.*, 225 AD2d 412 [1996]).

On the record before us, respondent's final determination was supported by substantial evidence, including evidence that petitioner employed an unlicensed security guard in violation of 9 NYCRR 48.3 (*see* General Business Law § 89-g); that its employees committed several assaults on or about the premises (*see* Alcoholic Beverage Control Law § 106 [6]); that it permitted overcrowding on the premises (*see* 9 NYCRR 48.3); that there was a continuing pattern of disorder and misconduct around the premises adversely affecting the community (*see* Alcoholic Beverage Control Law § 118 [1], [3]); and that it failed to exercise adequate supervision over the conduct of its licensed business in violation of 9 NYCRR 48.2. It is further noted that respondent did not adopt all the conclusions of the second ALJ; it sustained only 8 of the 15 charges that he proposed be sustained.

There is no support for petitioner's contention that respondent's members should have recused themselves from voting to cancel petitioner's license on the basis that they had prejudged the matter (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *compare Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158 [1990]).

The penalty imposed does not shock our sense of fairness. The record shows that the instant offenses were part of a continuing pattern of disorderly conduct occurring over an

extended period of time (*see e.g. Matter of Monessar v New York State Liq. Auth.*, 266 AD2d 123 [1999]; *Matter of La Trieste Rest. & Cabaret v New York State Liq. Auth.*, 249 AD2d 156 [1998], *lv denied* 92 NY2d 809 [1998]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.