■ In the Matter of LE CAVE LLC, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [966 NYS2d 430]—

Determination of respondent, dated November 23, 2012, which, after a hearing, revoked petitioner's liquor license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered December 12, 2012), dismissed, without costs.

The determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Evidence supporting the sustained charges includes numerous complaint reports, as well as the testimony of two police officers and an investigator employed by respondent, detailing incidents of, inter alia, disorderly activity, assaults, and violations of fire and safety regulations at petitioner's premises in violation of sections 106 (6), 114 (6) and 118 of the Alcoholic Beverage Control Law and the Rules of the State Liquor Authority (9 NYCRR) §§ 48.2, 48.3 and 53.1. There exists no basis to disturb the credibility determinations of the Administrative Law Judge (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

The penalty imposed does not shock one's sense of fairness. The record shows that petitioner has a lengthy history of violations and there is no indication that petitioner took any steps to prevent the repeated incidents of disorderly conduct on or about its premises (*see e.g. Matter of MGN, LLC v New York State Liq. Auth.*, 81 AD3d 492 [1st Dept 2011]; *Matter of Monessar v New York State Liq. Auth.*, 266 AD2d 123 [1st Dept 1999]).

We have considered petitioner's remaining arguments, including that respondent improperly considered evidence outside the record of the proceedings when issuing its determination, and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Gische, JJ.