Matter of Nostrand & Halsey LLC v New York State Liq. Auth. (2018 NY Slip Op 01246)





Matter of Nostrand & Halsey LLC v New York State Liq. Auth.


2018 NY Slip Op 01246


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5777 101069/17

[*1]In re Nostrand & Halsey LLC, Petitioner,
v
New York State Liquor Authority, Respondent.


Mehler & Buscemi, New York (Francis R. Buscemi of counsel), for petitioner.
Christopher R. Riano, New York (Alexandra S. Obremski of counsel), for respondent.



Determination of respondent, dated July 26, 2017, which, after a hearing, sustained five violations against petitioner and cancelled its liquor license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about August 10, 2017), dismissed, without costs.
The determination is supported by substantial evidence, including testimony from respondent's investigator and the exhibits adduced at the hearing (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]).
Petitioner's arguments regarding the unconstitutionality of the statutes and rules relied upon by respondent in sustaining the violations are unavailing. First, petitioner argues that Rules of the State Liquor Authority (9 NYCRR) § 48.8 is unconstitutional because it goes beyond what is required by section 110 of the Alcohol Beverage Control Law (ABC Law). However, ABC Law § 110(4) and (7) do not in any way preempt or conflict with 9 NYCRR § 48.8. Rather, 9 NYCRR § 48.8(a) establishes a continuous obligation to conform to all representations set forth in the application for a license, and is a reasonable extension of the licensing power granted by the legislature in ABC Law § 110(4) and (7) (see Matter of 7th Ave. Rest. v New York State Liquor Auth., 101 AD3d 633 [1st Dept 2012]).
Nor is ABC Law § 106(6) unconstitutional. The statutory language, requiring the licensee not to allow the premises to become "disorderly," was sufficient to provide petitioner with an adequate warning of what the law requires and a reasonable opportunity to appreciate the prohibited conduct (People v Stuart, 100 NY2d 412, 420 [2003]; People v Byron, 17 NY2d 64, 67 [1966]). Furthermore, the record establishes that the premises received many complaints, visits from the police, and a summons on account of the excessive noise emanating from the premises, but that petitioner did nothing to alter its conduct even though it was fully aware that the continuance of this conduct was prohibited.
The penalty imposed does not shock our sense of fairness. The evidence shows a continuing pattern of disorder and misconduct occurring over an extended period of time that adversely affected the community (see Matter of MGN, LLC v New York State Liq. Auth., 81 AD3d 492 [1st Dept 2011]). Further, where, as here, there is a history of similar violations, it lends support to a finding that revocation of the license is warranted (Matter of Le Cave LLC v [*2]New York State Liq. Auth., 107 AD3d 447 [1st Dept 2013].
We have considered petitioner's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK