Matter of B & M Nachos Corp. v New York State Liq. Auth. (2018 NY Slip Op 02128)





Matter of B & M Nachos Corp. v New York State Liq. Auth.


2018 NY Slip Op 02128


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6097 101075/17

[*1]In re B & M Nachos Corp., Petitioner,
v
New York State Liquor Authority, Respondent.


Mehler & Buscemi, New York (Francis R. Buscemi of counsel), for petitioner.
Christopher R. Riano, New York (Alexandra S. Obremski of counsel), for respondent.



Determination of respondent, dated July 31, 2017, which cancelled petitioner's on-premises liquor license and imposed a $1,000 bond forfeiture, upon a finding of violations of the Alcoholic Beverage Control Law and Rules of the State Liquor Authority, unanimously confirmed, without costs, the petition denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Nancy M. Bannon], entered on about August 30, 2017), dismissed.
Substantial evidence supports respondent's finding that on April 19, 2016 petitioner allowed the premises to become disorderly in violation of Alcoholic Beverage Control Law § 106(6), and failed to exercise adequate supervision in violation of Rules of the State Liquor Authority (9 NYCRR) § 48.2. Specifically, there is substantial evidence that the security guards on duty exercised lax supervision, which was tolerated by management to the extent that an assault occurred (see Matter of Moonwalkers Rest. Corp. v New York State Liq. Auth., 250 AD2d 428 [1st Dept 1998]; Matter of Warehouse Entertainment v New York State Liq. Auth., 269 AD2d 278 [1st Dept 2000], lv denied 95 NY2d 762 [2000]; Matter of Petillo v State of N.Y. Liq. Auth., 248 AD2d 541 [2d Dept 1998], lv denied 92 NY2d 814 [1998]).
Substantial evidence also supports respondent's finding that petitioner violated Rules of the State Liquor Authority (9 NYCRR) § 53.1(q), which provides for, inter alia, cancellation of a liquor license when "any noise, disturbance, misconduct, disorder, act or activity occurs in the licensed premises, or in the area in front of or adjacent to the licensed premises, or in any parking lot provided by the licensee for use by licensee's patrons, which, in the judgment of the authority, adversely affects or tends to affect the protection, health, welfare, safety or repose of the inhabitants of the area in which the licensed premises are located." We reject petitioner's contention that disturbances and disorder emanating from its bar were not "in the area in front of or adjacent to the licensed premises" (9 NYCRR § 53.1[q]). In any event, there was testimony in the record of fights directly in front of the bar.
Given petitioner's adverse licensing history, failures to supervise, underage activity, and deleterious effects on the neighborhood, the penalty of cancellation of its liquor license does not [*2]shock the conscience (see Matter of MGN, LLC v New York State Liq. Auth., 81 AD3d 492, 493-494 [1st Dept 2011]; Matter of Le Cave LLC v New York State Liq. Auth., 107 AD3d 447, 448 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK